**TRICKEY, Plaintiff-Appellant, v. TRICKEY, Defendant-Appellee.**

Ohio Appeals, Second District, Miami County.

No. 455. Decided January 4, 1951.

Forrest L. Blankenship, Troy, for plaintiff-appellant.
John A. Benjamin, Dayton, for defendant-appellee.

## OPINION
By THE COURT:

Submitted on motion of defendant-appellee to remand bill of exceptions to the trial court for the purpose of amending and perfecting the record.

Motion sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

### APPEAL ON QUESTIONS OF LAW

No. 455.    Decided April 18, 1951.

Forrest L. Blankenship, Troy, for plaintiff-appellant.

Curtner, Brenton & Benjamin, John A. Benjamin, of Counsel, Dayton, for defendant-appellee.

### OPINION
By MILLER, J:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Miami County. The controversy involves the custody of a child, Linda Lou Trickey, now four and one-half years of age. Effie P. Trickey Bodiker, plaintiff-appellant, and John C. Trickey, defendant-appellee, are the parents of the child. We will refer to them hereafter as plaintiff and defendant.

The record reveals that on May 19, 1948, the defendant was granted a divorce from the plaintiff, awarding the custody of the said child to the plaintiff, the entry providing, "that the plaintiff shall have the care, custody and control of said minor child, Linda Lou Trickey, until further order of the court, * * *."

The court further ordered that the defendant be required to pay to the plaintiff $30.00 per month for the support of the child. At the time of this order the plaintiff was living in Tipp City, across the street from her parents, while the defendant was a Private in the Army stationed at Ft. Knox, Kentucky. Following the divorce both parties remarried. The plaintiff and her husband have established a home in Piqua,

Ohio, and to this marriage a child has been born. The defendant and his wife have established a home in Louisville, Kentucky.

In May, 1949, the defendant filed a motion seeking a change of custody, asserting that he had remarried and that he was now able and desirous of having the child with him, and that the best interests of the child would be served thereby. After full and complete hearing the court partially sustained the motion of the defendant and temporarily divided the custody of the child between the parties for a period of three months until the child should reach school age. In accordance with this order the child joined the defendant and his wife in Louisville for a period of several months and was then returned to the plaintiff. Due to the fact that the defendant was being transferred to an Officers' Candidate School at Ft. Leavenworth the court, upon defendant's own motion, modified the order of August 3, 1949, again granting custody to the plaintiff for the six months period during which the defendant would be in the Officers' Training School. Upon being commissioned a second lieutenant the defendant filed his application for permanent custody of the child and after another hearing the court journalized the following entry:

"This cause came on to be heard upon the application of defendant and upon the evidence presented in open court, both parties being present and represented by counsel; the Court being fully advised in the premises finds it is for the best interests of the child, Linda Lou Trickey, that permanent custody be awarded her father and that the application of defendant for permanent custody of Linda Lou Trickey is well taken and should be granted * * *."

Upon motion to vacate this order being overruled, the plaintiff's notice of appeal was filed and it is on this order that the case is before this Court.

The defendant urges that the granting of the custody of the child to the plaintiff at the time of the divorce decree was only a temporary order and not intended to be permanent, for the reason that the decree specifically provides for the custody of the child only "until further order of the Court." This statement, we think, is without significance for a divorce decree providing for custody of minor children during minority continues the court's jurisdiction for such period without reservation. **Corbitt v. Corbitt, 123 Oh St 76; Rauth v. Rauth, 73 Oh Ap 56; Arnold v. Arnold, 67 Oh Ap 282.** In **Dailey v. Dailey, 146 Oh St 93,** it is stated that the court is not warranted in modifying a previous order fixing the custody of children where there is neither a change of con-

ditions nor a discovery of material facts existent at the time of entering the previous order and then unknown to the court; but upon proof of such a change or discovery of material facts, the court is empowered to make an order of modification when warranted by the evidence.

In the case of **Elford v. Elford, 36 Abs 397, 44 N. E. (2d)** 124, this Court held that an order for the custody of a minor child made upon a divorce hearing is conclusive upon the parties until such time as changed conditions affecting the welfare of the child have rendered it appropriate that the custodial order be changed.

The only question, therefore, presented is whether or not there has been a change of condtions requiring that a change be made for the best interests of the child. On this question we have examined the entire record made at the various hearings on the motions. There is nothing in the record to indicate that the plaintiff is not properly qualified, both morally and financially, to give this child the care and attention to which it is entitled. She has an established home, consisting of four rooms, in the city of Piqua, Ohio; is married, her husband being employed and earning approximately $300.00 per month. He testified that he was willing to help his wife provide for this child. The only evidence the defendant offered on the subject of changed conditions concerned his promotion in the Army from rank of a Private to that of a Second Lieutenant, whereby his income has been increased to approximately $370 per month; that he did not think the child was being properly cared for, for the reason that when he got her upon one of the visitation periods he thought her clothing was bad, soiled and needed some buttons. He also thought she did not have the proper kind of food, because she wanted to eat hot dogs and drink cokes; that after she had been with him for a period of six weeks she gained five pounds in weight.

The record reveals that the child has had considerable sickness and he thought that his being in the Army she would be able to receive better medical attention, although there is nothing in the record to show that the child had not received proper medical attention while under the mother's care. We think that none of these changed conditions have application to the welfare of the child and therefore do not constitute sufficient grounds for a change of custody. The order will be reversed and cause remanded.

HORNBECK, PJ, WISEMAN, J, concur.

**ON MOTION OF COURT REQUESTING WRITTEN OPINION**

No. 455.   Decided May 18, 1951.

**OPINION**

By MILLER, J:

Submitted on motion of the defendant-appellee requesting that the Court in arriving at its decision in this case give consideration to the written opinion of the trial court; that the Court clarify its opinion by specifying which order of the trial court shall be determinative; that a rehearing be granted and that the Court assess one-half the costs of this appeal against each party.

The first branch of the motion is not well taken for a court speaks only through its journal entry and not through its written opinion.

As to the second branch of the motion the record reveals that on May 19, 1948, the plaintiff was awarded the custody of the child.   Later, upon application of defendant-appellee, an order was journalized dividing the custody, which order was further modified by the Court on defendant's motion granting custody of the plaintiff-appellant for the six months period during which the defendant-appellee would be in an officers' training school.   Upon completion of this training a motion for permanent custody was made and which is the order appealed from.   We found from reviewing the entire record that none of the alleged changed conditions had application to the welfare of the child and therefore did not constitute sufficient grounds for the custodial change, and that in so doing the trial court abused its discretion.   It is our conclusion that the judgment entry of May 19, 1948, is the determinative one which is the only final order made in the case, with the exception of the one to which this appeal is directed.   The two succeeding orders were merely interlocutory and not final.   The application for a rehearing will be denied and since defendant-appellee instituted this proceeding and, being unsuccessful, should bear the burden of the costs.

Although our rules do not provide for an application for a rehearing, we entertain the same at our discretion.

The motion of the plaintiff-appellant to dismiss the application for a rehearing is therefore overruled.

HORNBECK, PJ, WISEMAN, J, concur.